No. 498    July 17, 2024    807

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. G. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. W.,
*Appellant.*

Yamhill County Circuit Court
22JU02975; A183295 (Control)

In the Matter of C. W.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. W.,
*Appellant.*

Yamhill County Circuit Court
22JU02976; A183296

In the Matter of K. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. W.,
*Appellant.*

Yamhill County Circuit Court
22JU02977; A183297

In the Matter of B. A. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. M. W.,
*Appellant.*

Yamhill County Circuit Court
22JU02978; A183298

Cynthia L. Easterday, Judge.

Submitted June 3, 2024.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Mother appeals from a juvenile court judgment changing the permanency plan for her children from reunification to adoption, asserting that the trial court erred in ruling that the Department of Human Services (DHS) made reasonable efforts towards reunification. We affirm.

Mother has not asked us to exercise our discretion to review this case *de novo,* nor is it an exceptional case warranting *de novo* review. *See* ORS 19.415(3)(b) (providing this court with discretion to conduct *de novo* review in equitable cases); ORAP 5.40(8)(c) (*de novo* review is appropriate only in exceptional cases). We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them." *Dept. of Human Services v. J. D. R.*, 312 Or App 510, 512, 493 P3d 567 (2021). Thus, we view the evidence, as supplemented and buttressed by permissible inferences, in the light most favorable to the juvenile court's disposition and assess whether the record is legally sufficient to permit the outcome. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). The juvenile court's determination that DHS's efforts were reasonable constitutes a legal conclusion that we review for errors of law. *J. D. R.*, 312 Or App at 512.

Given the standard of review, we state the following relevant facts and procedural history: Jurisdiction was taken over four of mother's seven children in the fall of 2022. As to three of the children, jurisdiction was based on mother's admission that "[m]other's mental health interferes with her ability to safely parent this child." As to the fourth and oldest child, mother admitted that "[m]other's mental health interferes with her ability to safely parent this child and mother requires the assistance of the agency to understand and care for the child's special needs and without assistance mother cannot safely parent this child." Mother has participated in two psychological evaluations in 2019 and in 2022.[1]

---

[1] The 2019 evaluation was related to a Crook County case in which jurisdiction was taken over mother's children based on mother's mental health problems and inability to protect the children from father's mental health problems. That Crook County case was dismissed in 2021.

Both evaluations recommended dialectical behavior therapy (DBT) for mother as well as individual counseling to treat mother's anxiety and post-traumatic stress disorder (PTSD).

DHS referred mother to the Portland DBT Institute in September 2022, but due to a lengthy waitlist, DHS recommended that mother participate in the Institute's "skills-only" DBT program while she waited for an opening in the "full fidelity" program. Mother did not continue to participate in the "skills-only" DBT program and did not consistently participate in mental health treatment for her PTSD and anxiety. In August of 2023, mother began a 14-week DBT group therapy program with another provider, but that provider terminated mother from the program in October 2023 after learning that mother had misrepresented her circumstances in the intake evaluation.

During the permanency hearing, the trial court made credibility determinations; in particular, the court determined that mother's testimony was "inconsistent, incomplete, defensive and evasive." The court further elaborated that mother "self-sabotages herself by failing to be open and honest with her providers, and failing to follow through with mental health recommendations, engage consistently with counselors, and follow through and participate in resources that are made available for her and her children."

When a child is subject to juvenile court jurisdiction, the court must make certain determinations at each permanency hearing, including whether DHS has made reasonable efforts to reunify the child with the parents *J. D. R.*, 312 Or App at 517. DHS bears the burden and must demonstrate that its efforts were reasonable by a preponderance of the evidence. *Id*. "Reasonable efforts for purposes of ORS 419B.476(2)(a) are efforts that focus on ameliorating the adjudicated bases for jurisdiction, and that give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019) (internal quotation marks omitted). The reasonableness of DHS's efforts depends on the particular circumstances of the case. *Id*. "The jurisdictional

language provides the lenses through which the reasonableness of DHS's efforts is analyzed. For those reasons, the wording of the jurisdictional basis set forth in the judgment *matters*." *J. D. R.*, 312 Or App at 518 (emphasis in original). When DHS fails to provide or offer a particular service to a parent, we review the adequacy of DHS's efforts in light of the potential benefits that providing that service could have yielded. *Id*.

We reject mother's contention that DHS efforts were unreasonable. After DHS referred mother to the Portland DBT Institute and the DBT clinic, mother did not engage with the providers to participate in the available "skills-only" DBT program while she was on the waitlist for the "full-fidelity" DBT program. Then, after mother began a 14-week DBT group therapy program, mother was terminated due to her misrepresentations during the intake evaluation. There is evidence that mother has failed to take prescribed medications since 2019 to manage her mental health, has not consistently engaged in therapy with a single provider, and testified that she was not interested in managing her mental health with medications despite the recommendation in her 2022 psychological evaluation. DHS gave mother a "reasonable opportunity to demonstrate" her ability to adjust her conduct and become a minimally adequate parent, but mother consistently failed to engage with the recommended services, failed to maintain consistent treatment, and caused her own termination from the 14-week DBT group therapy program. *See V. A. R.*, 301 Or App at 567 (noting that the reasonableness of DHS's efforts depends on the particular circumstances of the case).

We conclude that the juvenile court did not err in ruling that DHS made reasonable efforts towards reunification. We further conclude, based on our review of the record, that the juvenile court did not err in changing the permanency plan for mother's children from reunification to adoption.

Affirmed.